FILED

UNITED STATES DISTRICT COURT⁖G -8  PM 12: 18
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE VAZQUEZ

Plaintiff,

v.

STRADA SERVICES INC.
formerly known as DEL-AIR
ELECTRICAL SERVICES, INC.,

Defendant.

Case No.  6: 18- cv -1288-0RL-41-TBS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOSE VAZQUEZ, by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, STRADA SERVICES INC., formerly known as DEL-AIR ELECTRICAL SERVICES, INC.

### NATURE OF THE CASE

1.  This is an action brought by Plaintiff JOSE VAZQUEZ, (hereafter "Plaintiff") against his former employer, Defendant STRADA SERVICES INC., formerly known as "DEL AIR ELECTRICAL SERVICES, INC." (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.  During the term of Plaintiff's employment, Defendant had a practice of not compensating Plaintiff for hours worked in excess of forty in a

workweek at 1.5 times Plaintiff's regular rate of pay, and in most or nearly all instances, knowingly recording Plaintiff's hours worked as eight (8) in a workday, despite being aware that Plaintiff regularly worked a substantial number of hours in excess of eight in a day and in excess of forty in a workweek.

3.  Additionally, Defendant did not compensate Plaintiff for repairs, trouble shooting, electrical issues that arose during "hot checks," trips to purchase materials, safety meetings, and trips between houses after reporting to work and prior to Plaintiff returning to his home.

4.  Consequently, Defendant was not fully compensating all hours worked in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction conferred by 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6.  Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

7.  Plaintiff, JOSE VAZQUEZ, a resident of Polk County, was a former employee of Defendant who worked at STRADA SERVICES INC.

8.     Defendant STRADA SERVICES INC. is a for profit corporation organized and existing under and by virtue of the laws of the State of Florida, with offices located at 14055 W. Colonial Dr., Winter Garden, FL 34787 in Orange County, Florida, and 3400 St. John's Parkway, Sanford FL 32771, in Seminole County, Florida.

**COVERAGE**

9.     Defendant STRADA SERVICES INC. is and was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

10.    DEFENDANT STRADA SERVICES INC. was engaged in commerce by purchasing supplies and materials in interstate commerce, manufactured out of the State of Florida and/or the United States, for use in commercial and residential electrical wiring and construction. Additionally, Defendant was engaged in commerce by purchasing such materials and supplies from numerous sellers located outside the state of Florida through credit transactions across state lines, by accepting payment from customers through credit transactions across state lines and/or involving banks and credit card companies located outside of the State of Florida, and by operating one or more websites viewed by customers across state lines.

11.    Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

12.    Defendant STRADA SERVICES INC. was an employer within the definition of the FLSA, 29 U.S.C. § 203.

13.    During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

14.    The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

15.    Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

16.    Plaintiff JOSE VAZQUEZ was employed by Defendant

17.    Plaintiff held an electrician position at the time of separation.

18.    Plaintiff's pay was production-based (based on electrical wiring per square foot), at 25-30 cents per square foot of electrical wiring.

19.    During his employment with Defendant, Plaintiff was classified as non-exempt.

20.    Plaintiff did not satisfy the requirements for overtime exemptions set forth in the FLSA.

21.    During the period covered by Plaintiff's employment, Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

22.     Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

23.     Furthermore, Defendant required Plaintiff to perform compensable work for which Defendant did not compensate Plaintiff.

24.     Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

25.     Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

26.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 25 above.

27.     Plaintiff regularly worked in excess of forty (40) hours in a workweek for Defendant, and Defendant failed to pay Plaintiff at 1.5 Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

28.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

29.     Defendant was aware that Plaintiff was working hours in excess of forty in a workweek, because Plaintiff frequently complained about not

being compensated for overtime work, and despite this, Defendant consistently recorded Plaintiff's hours worked as always or nearly always being 8 hours per day.

30.   As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages or interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a.  Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b.  Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c.  Pre-judgment interest;

d.  Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e.  Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial to the extent authorized by law.

Dated: July 30, 2018.                    Respectfully submitted,

                                         **CYNTHIA GONZALEZ P.A.**
                                         4023 North Armenia Ave.
                                         Suite 240
                                         Tampa, Florida 33607
                                         Telephone (813) 333-1322
                                         Fax (866) 593-6771
                                         E-mail: cynthia@wagesdue.com

                                         *s/ Cynthia Gonzalez*
                                         Cynthia M. Gonzalez
                                         Florida Bar No. 53052
                                         Attorney for Plaintiff

                                         *s/ Luis Roberto Amadeo*
                                         Luis Roberto Amadeo
                                         Florida Bar No. 0565865
                                         Attorney for Plaintiff