**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE VAZQUEZ**

Plaintiff,

v.

**STRADA SERVICES INC.**
formerly known as **DEL-AIR ELECTRICAL SERVICES, INC.**,

Defendant.

Case No.  **6:18-cv-1288-Orl-41TBS**

**JOINT MOTION TO APPROVE SETTLEMENT**
**AND TO DISMISS WITH PREJUDICA**

Plaintiff, JOSE VAZQUEZ ("Plaintiff"), and Defendant STRADA SERVICES INC. ("Defendant"), hereinafter collectively referred to as the "Parties," by and through undersigned counsel, hereby file this Joint Motion and state the following in support thereof:

1. Plaintiff filed the instant action alleging that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") (Doc. 1).

2. To avoid the costs and the uncertainty of litigation, the Parties have negotiated a settlement of this matter for Plaintiff's wages (including minimum wage, overtime, and liquidated damages), as well as Plaintiff's attorney's fees and costs. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of

the Court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Settlement Agreement ("Agreement") entered into by the Parties, a copy of which is attached to this Motion as Exhibit "A."

3. The settlement of the instant action involves a matter in which the Court may approve the Parties settlement to resolve Plaintiff's FLSA claim against Defendant.

4. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. The settlement is a compromise of a disputed amount allegedly owed to Plaintiff.

5. The Parties agree that the instant action involved disputed issues of liability. There is a dispute between the Parties both as to Plaintiff's entitlement to overtime and the amount of overtime liability.

6. The Parties further stipulate and agree that the settlement is a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA.

7. The Parties voluntarily agreed to the terms of the settlement during negotiations, and all Parties had an opportunity to consult with an attorney. Further, the Parties negotiated the Plaintiffs' recovery and attorney's fees and costs fairly and separately.

8. As part of the settlement reached between the Parties, Plaintiff agrees to dismiss his Complaint with prejudice upon approval by the Court of the attached Agreement.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the attached Agreement and dismissing this action with prejudice.

WE HEREBY CERTIFY that on this same date, a copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.

Respectfully submitted, February 1, 2019.

| | |
|---|---|
| *s/Gary D. Wilson* | *s/ Cynthia Gonzalez* |
| Gary D. Wilson, Esq. | Cynthia M. Gonzalez |
| Florida Bar No.: 0846406 | Florida Bar No. 53052 |
| WILSON MCCOY, P.A. | cynthia@wagesdue.com |
| 100 E. Sybelia Ave, Suite 205 Maitland, | CYNTHIA GONZALEZ P.A. |
| Florida 32751 Phone: (407) 803-5400 | 1936 W MLK Blvd, Suite 206 |
| Fax: (407) 803-4617 | Tampa, Florida 33607 |
| gwilson@wilsonmccoylaw.com | Telephone (813) 333-1322 |
| yhernandez@wilsonmccoylaw.com | Fax (866) 593-6771 |
| | |
| Attorneys for Defendant | Attorney for Plaintiff |