UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE VAZQUEZ,

    Plaintiff,

CASE NO.: 6:18-cv-01288-ORL-41TBS

vs.

STRADA SERVICES, INC.
formerly known as DEL-AIR
ELECTRICAL SERVICES, INC.

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT ("FLSA") CLAIMS ("Agreement") is made this 18th day of January 2019, by and between JOSE VAZQUEZ ("Plaintiff") and STRADA SERVICES, INC. formerly known as DEL-AIR ELECTRICAL SERVICES, INC. ("Defendant").

WHEREAS, Plaintiff filed the above-referenced case for unpaid overtime and minimum wage compensation which was allegedly due to him pursuant to the Fair Labor Standards Act of 1938, 29 §201, *et seq.* ("FLSA").

WHEREAS, Defendant denies the relief sought and liability alleged by the claim asserted by the Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby

acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-styled case is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FAIR LABOR STANDARD ACT CLAIMS**.

   a. This Agreement shall constitute a waiver and release of overtime and minimum wage claims Plaintiff might have under the FLSA against Defendant.

   b. Upon execution of this Agreement, the Parties shall immediately file the Joint Motion for Approval of Settlement with the Court attached hereto as Exhibit "A."

   c. Plaintiff hereby knowingly and voluntarily releases Defendant from all claims brought for overtime and minimum wage compensation under the FLSA against Defendant.

3. **CONSIDERATION**.

   a. If (1) Plaintiff delivers to Defendant an executed copy of this Agreement; and (2) the Court approves this Agreement and dismisses the case, with prejudice, then, Plaintiff shall receive from Defendant, ten (10) days after Court approval, a total of Nine Thousand Nine Hundred and 00/100 Dollars ($9,900), in three installments as follows:

   i. $2,950.00 made payable to Jose Vazquez in wages for overtime compensation and minimum wages allegedly due pursuant to the FLSA, less applicable withholdings determined in accordance with Plaintiffs W-4 form, the company will issue a W-2 for this amount;

        ii.       $2,950.00 made payable to Jose Vazquez for liquidated damages allegedly due pursuant to the FLSA for which separate IRS Forms 1099 shall issue to Jose Vazquez;

        iii.      $3,590.00, made payable to Cynthia Gonzalez, P.A., as attorneys' fees of $3,490 and costs of $510 which were negotiated separately, and for which separate IRS Forms 1099 shall issue to Cynthia Gonzalez, P.A., *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the release of his FLSA claim contained herein, and his fulfillment of the promises contained herein.

    b.    Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.

4.    **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendant of any liability, unlawful conduct of any kind, or violation by the Defendant of the FLSA.

5.    **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges he is aware that he is giving up the FLSA claims he may have against Defendant. Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record, Cynthia Gonzalez, Esq., prior to executing this

Agreement. Plaintiff signs this Agreement voluntarily.

6. **NEUTRAL REFERENCE**. If contacted by another organization, Defendant will only provide dates of employment and position.

7. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth in sections 2 and 3 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida or the Ninth Judicial Circuit Court in and for Orange County, Florida.

9. **ENTIRE AGREEMENT AS TO FLSA.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiffs FLSA claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

10. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

11. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in any number of counterparts, including those transmitted to and among the Parties via facsimile

and electronic mail, with the same effect as if the signatures on each counterpart were upon a single instrument. All counterparts, taken together, shall constitute the Agreement.

12. **ATTORNEYS FEES**. The prevailing party in any dispute arising out of or concerning this Agreement shall be entitled to recover from the other party its reasonable attorneys' fees and costs.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PLAINTIFF HAS BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAS CONSULTED WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL BROUGHT FLSA CLAIMS HE HAS AGAINST DEFENDANT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: January 17, 2019

_____
Jose Vasquez

1/29/2019
_____
Date

_____
Strada Services, Inc.

Dean DiPaolo, CFO
_____
Name and Title

1/31/19
_____
Date