.UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE VAZQUEZ,

    Plaintiff,

v.                                    Case No:   6:18-cv-1288-Orl-41TBS

STRADA SERVICES INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* case is the parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. 29). For the reasons that follow, I recommend that the parties' settlement agreement be **approved** and the motion be **granted.**

### Background

Plaintiff Jose Vazquez is suing his former employer, Strada Services, Inc. for unpaid overtime compensation, pursuant to the FLSA (Doc. 20). Plaintiff alleges that he worked for Defendant as a non-exempt electrician (Id., ¶¶ 17-19). Plaintiff claims that he regularly worked in excess of 40 hours per week for which he was not fully compensated at the statutory rate of one and one-half times his regular rate of pay (Id., ¶ 21). Defendant denies Plaintiff's allegations (Doc. 21).

On January 17, 2019, the parties notified the Court of their intent to settle this case and on February 1, 2019, they submitted their proposed settlement agreement for approval (Doc. 29). After reading the agreement I voiced two concerns (Doc. 30). First, that the parties had not provided an adequate explanation of why Plaintiff was compromising a +$15,000 claim for $2,950 (Id.). Second, that the settlement agreement

could be read to shift to Plaintiff the obligation to pay Defendant's share of the taxes owed in connection with the settlement (Id.). The parties have now addressed my concerns. They represent that the settlement amount was reached after they disagreed about whether the records of Plaintiff's hours worked are complete and accurate and about whether Plaintiff was "flat paid or full paid." (Doc. 31, ¶¶ 5-6). The parties also represent that "Defendant will be paying the employer's Federal and State taxes and will be recording Plaintiff's withholdings on the employee's (Plaintiff's) W-2." (Id., ¶ 10). These responses satisfy my concerns and I now recommend approval of the settlement agreement.

## Discussion

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative

policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

When determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage

- 3 -

of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### A. Settlement Sum

In his answers to the Court's interrogatories, Plaintiff said he believed he was entitled to a little over $15,000 in damages (Doc. 25-1, ¶ 7). The parties have agreed that Defendant will pay Plaintiff $2,950 in unpaid wages and an additional $2,950 in liquidated damages to settle Plaintiff's FLSA claims (Doc. 29-1, ¶ 3). I recommend approval of these settlement amounts based upon: (1) the parties' explanation for the substantial reduction in the value of Plaintiff's claim; (2) the fact that this is a negotiated compromise and settlement between parties who know more about the facts of the case than the Court does; (3) Plaintiff is represented by a lawyer; and (4) I do not see any badges of fraud or overreaching.

### B. Attorney's Fees

Defendant has agreed to pay Plaintiff's attorneys $4,000[1] in fees and costs (Doc. 29-1, ¶ 3.a.iii). Counsel represent that this fee was negotiated separately from Plaintiff's recovery, without regard to the amount of the settlement sum (Doc. 29, ¶ 7). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not

---

[1] The settlement agreement states that Defendant will pay $3,590 to Plaintiff's lawyer, consisting of $3,490 in attorneys' fees and $510.00 in costs (Doc. 29-1, ¶ 3.a.iii). This appears to be a scrivener's error because the sum of $3,490 and $510.00 is $4,000.00.

This amount is consistent with the remainder of the settlement agreement. In paragraph 3(a), the parties state that the entire settlement sum is $9,900 (Id., ¶ 3.a). Once the payments to Plaintiff are subtracted, this leaves a sum of $4,000 to be allocated to fees and costs.

adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### C. Release

The parties' settlement agreement includes a release that is sufficiently narrow to withstand judicial scrutiny (Doc. 29-1, ¶ 2).[2] It is limited to claims for unpaid overtime and minimum wages, as well as any other wage and hour claim of any kind, arising under the FLSA (Id.). See Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citing Heath v. Hard Rock Café Int'l, Inc., No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement)). Accordingly, I respectfully recommend that the Court find the release provision to be fair and reasonable.

### Recommendation

Upon due consideration, it is hereby **RECOMMENDED** that the Court,

(1) **GRANT** the parties' Joint Motion for Approval of Settlement and for Dismissal With Prejudice (Doc. 29);

(2) **APPROVE** the settlement agreement (Doc. 29-1); and

(3) **DISMISS** this case **WITH PREJUDICE.**

---

[2] General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RECOMMENDED** in Orlando, Florida on February 20, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record